IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Cr. No. 96-60150-HO |
| v. | ) | ORDER |
| MICHELLE COOK, | ) | |
| Defendant. | ) | |

On July 15, 1997, petitioner pleaded guilty to one count of felon in possession of a firearm and one count of using a firearm during and in relation to a crime of violence, i.e., carjacking. On October 15, 1997, this court sentenced petitioner to a 60 month term of imprisonment for the using of a firearm during and in relation to a crime of violence charge and a 120 month term of imprisonment for the felon in possession charge. Petitioner did not appeal her conviction or sentence. Defendant filed her first

motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on October 28, 1998, asserting ineffective assistance of counsel. This court initially denied the motion without prejudice to amend. The court denied petitioner's amended motion on June 10, 1999. The petitioner appealed the denial and the Ninth Circuit remanded for further findings regarding defense counsel's handling of the decision not to appeal the sentence. However, defendant informed the court that she no longer wished to pursue the petition and the court denied the petition on November 28, 2000.

Petitioner then filed a second petition asserting that her sentence violated the Sixth Amendment citing <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). The court denied the motion because <u>Blakely</u> is not retroactively applicable to cases on collateral review and because defendant had not obtained certification from the Ninth Circuit to allow this second successive petition.

Defendant now moves to collaterally attack her sentence by seeking a writ of error coram nobis arguing that her sentence violates <u>Blakely</u> and <u>United States Booker</u>, 125 S.Ct. 738 (2005). Defendant's challenge is still a challenge to the constitutionality of her sentence. Accordingly, the motion is appropriately brought under 28 U.S.C. § 2255.

The coram nobis writ allows a court to vacate its judgments "for errors of fact ... in those cases where the errors [are] of the most fundamental character, that is, such as rendered the proceeding itself invalid." United States v. Mayer, 235 U.S. 55, 69 (1914). Although Federal Rule of Civil Procedure 60(b) expressly abolishes the writ of coram nobis in civil cases, the extraordinary writ still provides a remedy in criminal proceedings where no other relief is available and sound reasons exist for failure to seek appropriate earlier relief. United States v. Morgan, 346 U.S. 502, 505 n. 4 (1954). The requirements for such extraordinary relief are: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character. Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987). Here, although the more usual remedy of a section 2255 motion is no longer available because it would be a successive petition, the Blakely and Booker decisions are not retroactively applicable to cases on collateral review and Congress chose to place valid limits on the availability of collateral attacks in favor of the finality of judgments.

The common law writs survive only to the extent that they fill "gaps" in the current systems of post-conviction relief. United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001).

3 - ORDER

Simply because a section 2255 motion is procedurally unavailable to defendant now does not create a gap in the system.

> A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs. See Kimberlin, 675 F.2d at 869; see also In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (concluding that, even if the limitations of AEDPA foreclosed the use of 28 U.S.C. §§ 2241 and 2255 by federal prisoners, "it would be senseless to suppose that Congress permitted them to pass through the closed door [by way of the All Writs Act] simply by changing the number 2241 to 1651 on their motions"); cf. Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (concluding that § 2255 is not inadequate or ineffective merely because a particular prisoner's § 2255 motion is procedurally barred), cert. denied, 528 U.S. 1178, 120 S.Ct. 1214, 145 L.Ed.2d 1115 (2000).

Id. at 1080.

## CONCLUSION

For the reasons stated above, defendant's application for a write of error coram nobis (#115) is denied and this proceeding is dismissed.

DATED this 6th day of June, 2005.

Michael R. Hogan
United States District Judge